[No. 8,202.—Department One.]
Aug. 24, 1882.

## H. S. HILL ET AL. *v.* G. B. BEATTY ET AL.

MOTION TO OPEN JUDGMENT.—An order denying a motion to open a judgment made after a new trial had been denied, and more than six months after the entry of judgment, affirmed on the ground that the motion came too late.—McKEE and MYRICK, JJ., being also of the opinion that the moving party did not show a case of excusable neglect.

NEW TRIAL—NOTICE—STATEMENT.—A notice of motion for a new trial failed to state whether the motion would be made upon affidavits, or the minutes of the Court, or a bill of exceptions, or a statement of the case; and the statement subsequently filed contained no specifications of errors, or of insufficiency of evidence.

*Held:* The motion for a new trial was not made as prescribed by Sections 658 and 659, C. C. P.

LEASE—REPAIRS—CONSTRUCTION OF CONTRACT.—Action for rent upon a renewed lease. The original lease contained a covenant for renewal, and at the same time the lessors contracted in writing to construct certain buildings on the leased premises, and that if they failed to do so, no rent after the first installment should be paid until such improvements are completed. The buildings were not constructed; but all the installments for rent were paid, except the last installment for the second year. The answer, besides denying that any rent was unpaid, set up as affirmative matter the failure of the plaintiffs to construct the buildings contracted for, and also that the plaintiffs had failed to repair; but the court, on motion, struck out all of the answers, except the denial.

*Held:* There was no error.   There is no covenant to repair in either lease, and the covenant for improvements on the premises ended with the original lease.

APPEAL from a judgment, and from an order denying a motion for a new trial, and from an order denying a motion of one of the defendants to open the judgment, in the Superior Court of Sacramento County.   CLARK, J.

The facts, with regard to the motion for a new trial, are as stated in the syllabus.

*George Cadwalader* and *Robert T. Devlin,* for Appellants.

The Court erred in denying the motion made by Leslie to open the judgment, and in refusing to permit him to file a separate answer.

It will be observed that this is not an application by a party under Section 373 of the Code of Civil Procedure from a proceeding taken against him "through his mistake, inadvertence, surprise or excusable neglect," which provides that such application must be made within six months after such proceeding was taken, but introduces the questions of neglect on the part of others, and constructive fraud on the part of plaintiffs.   Leslie did not know that a judgment had been rendered against him until six months after its rendition. He immediately applied for relief.   He is entitled to it from some source.   Is he confined to the tedious and expensive remedy of a suit in equity, or may he not apply to the Court rendering the judgment, and still retaining jurisdiction over it, for the appropriate relief ?   There ought to be no doubt that by a resort to this latter proceeding the Court is authorized to grant him such relief as he deserves.   (*Noyes* v. *Loeb,* 24 Louisiana An. 48; *S. B. L. S. & F. Co.* v. *Thompson,* 46 Cal. 63; *National Condensed Milk Co.* v. *Brandenburgh,* 40 N. J. L. 110; *Mayberry* v. *McClurg,* 51 Mo. 256; *McMillan* v. *Baker,* 20 Kan. 50.)

*Joseph Wallis* and *Grove L. Johnson,* for Respondents.

The motion to open the judgment and permit the defendant Leslie to answer comes too late.   (C. C. P., § 473.)   There was no merit in his motion.   He knew of the suit, the an-

swer, the trial, the judgment, and postponed the case once himself. The motion for a new trial was properly denied, because not made as prescribed in the Code. (C. C. P., §§ 658–659.)

McKEE, J.:

This was an action to recover an installment of rent alleged to be due and owing by the defendants on a contract of lease, dated April 15, 1880.

Defendants appeared and answered in the case, and judgment was rendered against them on April 14, 1881. Six days afterwards their attorneys gave notice of motion for a new trial, and, on October 6, 1881, that motion was heard, upon a settled statement of the case, and denied. On the twenty-first of the same month the defendant, Leslie, gave notice of a motion to open the judgment and permit him to file a separate answer, upon the ground that the answer filed and the judgment taken in the case were the result of the mistake, inadvertence, surprise, or excusable neglect of himself and his co-defendant. It is out of this motion that the present contention arises.

But the mistake, inadvertence, surprise, or excusable neglect in the case, if any, was not attributable to Leslie. He, when a copy of the complaint and summons were personally served on him, sent them to his co-defendant, Beaty, and asked him to have the case properly defended. The latter wrote that that would be done, and, it seems, that he *had* covenanted to defend Leslie against any suits upon the lease. Upon *that*, Leslie gave no further attention to the case.

It does not appear that Leslie informed Beaty that he wanted any special defense interposed in the action. But Beaty knew that he himself only had renewed the lease, and that Leslie had not joined in the renewal. Yet, with full knowledge of the fact, Beaty neglected to state it to the attorneys whom he had employed to defend the case, and, in consequence, it was not set up in the answer filed for himself and Leslie. On the contrary, the execution of the original lease on the fifteenth of April, 1879, and its subsequent renewal on the fifteenth of April, 1880, by both defendants, were admitted, and the only issue raised by the pleadings in

the case was, whether the demanded installment of rent was due and unpaid.

Under these circumstances, the neglect to set up in the answer any special defense which Leslie may have had, was chargeable to Beaty—it was not the neglect of Leslie. No cause is assigned which prevented Beaty from performing his duty, nor is any reason given why he did not perform it; his neglect, therefore, was not excusable—it was in fact wholly inexcusable; and as both defendants moved for a new trial in the case, and permitted the statutory time for opening the judgment on the ground of neglect, mistake, etc., to expire, the present motion, if either party was entitled to make it, after the denial of a motion for a new trial in the case, comes too late.

If by Beaty's neglect Leslie has been deprived of any of his rights, he may be redressed by an action against Beaty; or if the judgment was taken against him by the actual fraud of the plaintiffs, or of the plaintiffs and Beaty, unmixed with negligence on his part, his remedy may be in an original action in equity to set aside the judgment. (*Bibend* v. *Kreutz*, 20 Cal. 109; *Riddle* v. *Baker*, 13 id. 295.) The motion for a new trial was not made as prescribed by Sections 658, 659, Code of Civil Procedure, and was properly denied.

There was no error in striking out portions of the defendants' answer. One part contained a denial of indebtedness, another a covenant in the original lease, made in 1879, by which the lessors had agreed to make an improvement upon the leased premises " on or before the first of August, 1879." The improvement was not made, and for not making it the defendants asked damages; and the other party set up a failure to repair. There is no covenant to repair in the lease of 1879, or in that of 1880, and the former covenant had ended.

A denial of indebtedness is the denial of a conclusion of law. There is no covenant in the lease of 1880 about improvements on the premises leased in 1879. All the installments of rent due had been paid, except the last installment on the lease of 1880, which the action was brought to recover. The matter struck out was, therefore, irrelevant and redundant.

The motion to file an amended and supplemental answer

containing the same matter was also properly denied. The finding covers all the issues in the case, and there is no error in the judgment.

Judgment and orders affirmed.

MYRICK, J., concurred.

McKINSTRY, J., concurring:

I concur. The motion to open the judgment came too late, as the judgment was entered more than six months before the motion was made. (C. C. P., § 473.)